[No. 1462. Decided November 24, 1894.]

HENRY C. MARTIN, *Respondent, v.* A. G. MATTHEWS and TACOMA GROCERY COMPANY, *Appellants.*

FRAUDULENT CONVEYANCES—RIGHTS OF BONA FIDE PURCHASER.

A creditor cannot recover the possession of property sold by the debtor to another person, on the ground that it is a fraudulent conveyance, when the purchaser has in good faith paid a portion of the purchase price, except on repayment by the creditor of that part of the purchase price paid.

*Appeal from Superior Court, Pierce County.*

*Sharpstein & Blattner,* for appellants.

*F. Campbell* and *Thad. Huston,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Prior to the 28th day of July, 1893, Ben. R. Everett was the owner of the property, the title to which is involved in this cause. On that day he made a bill of sale thereof to respondent, in which the consideration was stated at $4,689. The proof showed that this amount was paid by cancelling pre-existing indebtedness due from Everett to respondent, amounting to $1200, and the assuming by him of indebtedness of Everett to third parties amounting to $3,489. On the 5th day of August, 1893, the appellant, the Tacoma Grocery Company, recovered judgment against said Everett, and on the following day caused a levy to be made by the sheriff upon the property in question. The respondent then filed his bond, and made claim to the property under the provisions of § 491 of the Code of Procedure. Upon trial he was adjudged to be the owner of the property as against the appellants.

The appellants claim that the respondent was not shown to be a purchaser in good faith and for value, for the reason that he had not, before the date of the levy of the execution, paid or become responsible to the third persons to whom he was to pay money by virtue of his agreement with said Everett. And it is argued that to that extent at least he was not a purchaser for value.

That the judgment creditor became entitled to so much of the purchase price as had not been actually paid before its lien attached must be conceded, but it does not follow that it would be entitled to the possession of the property as against the respondent who had in good faith made the purchase and actually paid a portion of the purchase price. The most that the judgment creditor could ask would be to have the unpaid portion of the purchase price subjected to its judgment. It could not take from respondent the property which he had bought in good faith, and in part paid for, without making good to him such portion of the purchase price as he had actually paid. By virtue of his purchase in good faith, and the payment of value, although it was only

12-10W

a portion of the entire value of the property, respondent was entitled to retain possession. This right could not be taken away without payment to him of the part of the purchase price which he had paid. Until he had notice of such facts as affected the good faith of the transaction he had the right to make the purchase. Hence he must be protected in whatever he had done in making the purchase before he had any notice of bad faith.

It follows that the respondent was entitled to the possession of the goods, and that they were wrongfully taken from him by the sheriff, and that the action of the court in adjudging a return thereof was proper.

Some other questions have been argued, but in our opinion the proofs were such as to show that the above suggested was the only legal question which the appellant could raise.

Judgment affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.